W. N. DAVIS v. R. E. BURNETT ET AL.

Decided February 27, 1904.

**School Lands—Award—Section Lying in Two Counties—Trespass to Try Title.**

Plaintiff sued in trespass to try title to recover a tract of school land lying across the line of K. and S. counties, and by virtue of a rejected application to purchase made by him in K. County under the Act of April 19, 1901. The land had been awarded by the Commissioner to defendants by virtue of an application made in S. County, the validity of which plaintiff assailed on the ground that the Commissioner had not given notice to the county clerk of S. County of the classification and valuation of the land. Held, that such objection could not avail plaintiff, since, if tenable, no valid award of the land could have been made to him without notification to the clerks of both the counties.

Appeal from the District Court of Scurry. Tried below before Hon. H. R. Jones.

*Ed. J. Hamner,* for appellant.

*Higgins & Curnutte* and *Beall & Beall,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sued appellees to recover four sections of school land situated in Kent and Scurry counties, each section lying partly in both counties. Appellant filed his application with the county clerk of Kent County subsequent to the applications of the appellees, which were filed with the county clerk of Scurry County. The lands were awarded to the appellees. Appellant controverts the validity of these awards on the ground that the Commissioner of the General Land Office had not given the county clerk of Scurry County written notice of the classification and valuation fixed upon each of said sections, although he had given such notice in Kent County, as provided in the first section of the Act of April 19, 1901 (p. 292), under which the applications of all parties were made.

But if appellant's construction of this law be adopted, we fail to see how it would benefit him in this case, he being plaintiff in the action; for, while it might prove that none of the appellees had any title, it would also prove that he had none. The first section of the act makes it "the duty of the Commissioner of the General Land Office to notify in writing the county clerk of each county the classification and valuation fixed upon each section of land in his county," and the second section provides that the application of an intending purchaser shall be filed in the county where the land "or a part thereof is situated." If, then, the statute should receive the construction that, in case of a section lying partly in two counties, notice must be given in both counties, the sections in controversy were not on the market at all. Unless the whole of each section so situated was on the market none of it was. At all events, appellant applied to purchase the whole, and not merely the

part situated in Kent County. If the whole was on the market, then it was subject to sale on application made in either county, for the law expressly provides that the application may be made in the county where a part of the section is situated.

The facts of this case do not, therefore, call for a further construction of the statute, and the judgment is affirmed.

*Affirmed*